UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE A. KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania,<br><br>                            Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and UDREN LAW OFFICES, P.C.<br><br>                            Defendants. | Civil Action #2:13-cv-00419-CRE |

**PLAINTIFFS' SUBSTITUTE SECTION OF OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

  *iv. Failure to Participate in the Debt Validation Procedure Does Not Constitute a Waiver of All Future FDCPA Rights*

  Udren advances the defense that, after being provided with a debt validation letter and failing to avail himself of the debt validation procedure set forth in the FDCPA, §1692g, Mr. Kaymark is now foreclosed from pursuing a claim under the FDCPA premised on the invalidity of the debt. There are a number of problems with this.[1]

  First, this is not the law of this Circuit, nor should the cases proffered by Udren persuade this Court that it should be. See Burdett v. Harrah's Kansas Casino Corp., 294 F. Supp. 2d 1215, 1227 (D. Kan. 2003). Velazquez v. NCO Fin. Sys., Inc., CIV.A. 2:11-CV-00263, 2011 WL 2135633 (E.D. Pa. May 31, 2011) Brown v. Palisades Collection, LLC, 1:11-CV-00445-JMS,

---

[1] Mr. Kaymark is not bringing an action under the FDCPA, §1692g challenging the legality of the form of the debt validation notice used by Udren. Therefore, Udren's reliance on the proceedings in McLaughlin v. Phelan, Hallinan & Schmeig, LP, is misplaced. See McLaughlin v. Phelan Hallinan & Schmeig, No. 2:10-cv-01406-GLL, Document 94 p. 3 (W.D.Pa. Sept. 10, 2012) ("McLaughlin did not state a viable claim **under section 1692g** because he did not allege that he challenged the validity of the debt prior to filing suit"(emphasis added)). The McLaughlin holding is limited to claims under the FDCPA, §1692g. Since there is no such §1692g claim here, McLaughlin has no bearing.

2011 WL 2532909 (S.D. Ind. June 24, 2011).  Also see, Diaz v. Residence Credit Solutions, Inc., No. 12-cv-3781, 2013 WL 1820948, *9 (E.D.N.Y. April 29, 2013).

Second, the law cited is inconsistent with the statute.  The statute provides assurances that failure to participate will not be a concession of the validity of the debt.  See FDCPA, §1692g.

> (c) Admission of liability
> The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

Third,  the FDCPA, §1692g process was overshadowed and obviated by the fact that the debt validation notice was sent in connection with the filing of a foreclosure complaint. No debt collector action can be taken within the thirty day period.  See FDCPA, §1692g, which provides:

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Here, Mr. Kaymark was provided notice of a thirty day period to contest the validity of the debt on the same day he was provided notice that he had only twenty days to respond to the suit.  Courts have found that taking legal action within the thirty day period overshadows the debt validation notice.  Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010).  See also Register v. Reiner, Reiner & Bendett, PC, 488 F. Supp. 2d 143 (D.Conn. 2007) ( Notice that consumer had only thirty days to cure default overshadowed debt validation notice providing thirty days to cure the debt.)

The purpose of the debt validation notice is to allow consumers that dispute a debt to enjoin debt collection activity until the debt is verified.  It is hard to see how this can be accomplished if suit has already been brought, unless of course a suit is to be suspended during the debt validation procedure.  There was no indication from Udren, however, that collection

activities would cease (i.e., the lawsuit would be suspended) if the validity of the debt was contested.  Without this, in accordance with Ellis, Udren's debt validation notice was ineffective to trigger any debt validation procedure.  In reality, the filing of a collection suit obviates any meaningful opportunity to contest the validity of a debt outside of the legal proceedings.  In that sense, a debt validation notice contained inside of a foreclosure complaint is a procedural oxymoron.  The very fact that suit has already been filed renders any debt validation procedure beside the point. It is like giving someone a fire extinguisher after their house has already burned down.

Fourth, the obvious procedural oxymoron of providing a debt validation notice simultaneously with legal action was not lost on Congress, who took legal pleadings out of the ambit of FDCPA, §1692g by amendment as of 1996:

> (d) Legal pleadings
> A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.

That is, though a formal pleading in a civil action is still a communication for the purposes of the FDCPA, it has been exempted from the class of initial communications that require a debt validation notice.  Cleary Congress therein recognized that by the time legal action has been taken, it is literally too late to impose a process designed to avoid further collection efforts or litigation.  Collection has already reached its end stage.  Since a foreclosure complaint is not covered by the FDCPA, §1692g at all, Mr. Kaymark's supposed non-response is a non-issue since whatever Udren's notice was, it was not a FDCPA, §1692g debt validation notice.  No such thing exists where the initial communication was a formal legal pleading.

Finally, Udren asserts that Mr. Kaymark failed to respond to the debt validation notice, but no such fact can be found in the complaint, and this is not the sort of thing that can be

judicially noticed. Accordingly, this entire discussion, premised on a factual matter outside of the complaint proffered by a defendant, has no place in a Fed.R.Civ.P. 12(b)(6) proceeding which tests only the legal sufficiency of the complaint. It should play no role in the Court's determination.