UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and UDREN LAW OFFICES, P.C.,<br><br>Defendants. | No.: 2:13-cv-00419-CRE<br><br>Electronically Filed |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**


Thomas L. Allen (SBN 33243)
tallen@reedsmith.com
Nellie E. Hestin (SBN 311788)
nhestin@reedsmith.com
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

Andrew J. Soven (SBN 76766)
asoven@reedsmith.com
Marc A. Goldich (SBN 93055)
mgoldich@reedsmith.com
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: +1 215 851 8100
Facsimile:+1 215 851 1420

*Counsel for Defendant Bank of America, N.A.*

Plaintiff's opposition to Bank of America, N.A.'s ("BOA") motion to dismiss shows that this case may fairly be called "the incredible shrinking lawsuit." Plaintiff's original Complaint was principally based on allegations that BOA had charged Plaintiff attorneys' fees and other foreclosure-related expenses in violation of Pennsylvania Act 6. After BOA moved to dismiss the original Complaint on grounds that Act 6 did not apply to Plaintiff's loan, Plaintiff filed an Amended Complaint omitting any reference to Act 6. In the Amended Complaint, Plaintiff attacked the foreclosure-related attorneys' fees and expenses on grounds that the charges allegedly breached Plaintiff's mortgage contract with BOA because BOA "never incurred" those charges and services were "not performed" for those charges. Doc. 23 ¶¶ 35, 47. BOA then filed another motion to dismiss arguing, among other things, that the $1,650 in counsel fees in dispute were incurred for services performed in connection with the state foreclosure proceeding, which Plaintiff contested. Now, in his response to BOA's motion, Plaintiff acknowledges that services ***were*** performed and hence the challenged charges ***were*** incurred. Doc. 31 at 11. Having abandoned yet another argument, Plaintiff now focuses on ***when*** the services were performed and the charges incurred. In particular, Plaintiff's case now is based largely on the narrow claim that charges for legal services had not been incurred as of July 12, 2012, the date they were alleged to be due and owing to BOA. Doc. 31 at 7, 11.

In addition to substantially narrowing his breach of contract theory, Plaintiff's response also whittles down other aspects of his case. Plaintiff does not dispute BOA's argument that Plaintiff suffered no injury from the alleged misrepresentations in his Act 91 notice – and hence Plaintiff implicitly acknowledges that he can state no claim for damages arising from these alleged misrepresentations. Similarly, Plaintiff no longer claims that BOA breached its mortgage contract by changing how it allocated Plaintiff's monthly payment, and Plaintiff further

acknowledges that he was not affected by any alleged misrepresentations regarding BOA's payment allocation method. Doc. 31 at 10 n.4. Plaintiff further does not take issue with BOA's position that Plaintiff has failed to state a claim under Section 201-2 (4)(v) of the UTPCPL.

**I. Plaintiff Has Not Alleged Facts Showing A Breach Of The Mortgage Or Resulting Damages.**

Plaintiff claims that BOA breached its mortgage contract by filing a foreclosure complaint on September 13, 2012, in which BOA alleged that certain amounts were due for attorneys' fees and other foreclosure-related expenses as of July 12, 2012, even though these charges were not incurred as of July 12, 2012. By the time BOA actually demanded payment for these charges on September 13, 2012, however, services obviously had been performed and charges incurred. Moreover, by the time Plaintiff filed this case on February 11, 2013, additional services had been performed and charges incurred for the attorneys' fees and foreclosure-related charges sought by BOA in the foreclosure proceeding. *See* Doc. 27-1 (docket in foreclosure action, showing that by February 11, 2013, Plaintiff had filed an answer and raised numerous affirmative defenses to which BOA was forced to respond by filing preliminary objections). The mortgage contract explicitly allows BOA to charge to Plaintiff attorneys' fees and expenses related to Plaintiff's default. Accordingly, whether viewed at the time the foreclosure complaint was filed or at the time the Complaint in this action was filed, BOA did not breach the mortgage contract merely by claiming in the foreclosure complaint that the charges were due as of July 12, 2012.

Plaintiff further appears to claim that the $1,650 attorneys' fee charge represented a fixed fee that could not properly be charged pursuant to Plaintiff's mortgage. Plaintiff cites no law to support his theory, which is contradicted by Plaintiff's mortgage. The mortgage authorizes BOA to charge Plaintiff for fees associated with foreclosure and does not prohibit assessing the flat fee

authorized by Fannie Mae. Plaintiff cites no law to say that a flat-rate fee arrangement is an inappropriate proxy for charging a reasonable fee. Indeed, Plaintiff acknowledges that a flat-rate attorneys' fee may, itself, be reasonably and actually incurred. Doc. 31 at 12 (noting that a fixed fee "may or may not represent a reasonable amount when all things are said and done").

Finally, Plaintiff has not adequately pled damages arising from any alleged breach of contract. Plaintiff admits that he is not basing his claim on any actual payment of the challenged fees and costs. Doc. 31 at 13. Citing no law, his argument is that he suffered damages by way of an "increase in indebtedness and corresponding encumbrance on his property." *Id.* But such a speculative, unrealized loss cannot sustain his claim. *See Muhammed v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, 587 A.2d 1346, 1352 n.13 (Pa. 1991) (noting that speculative harm cannot support a lawsuit). And in fact, Judge Arthur J. Schwab of this Court rejected the theory that an increased lien constitutes payment or suffices to allege loss, in a case argued at length by Plaintiff's counsel, *Salvati v. Deutsche Bank Nat'l Trust Co.,* No. 12-cv-0971, 2013 WL 1314777, at *5-6 (W.D. Pa. Mar. 28, 2013), discussed further *infra*.

## II. Plaintiff's FCEUA Claim Fails As It Cannot Be Based On Act 91 And Does Not Satisfy The Ascertainable Loss Requirement.

According to Plaintiff, his FCEUA claim, though predicated on Act 91, is not an attempt to enforce Act 91. Doc. 31 at 15. Plaintiff asserts that he "is, however, entitled to enforce Act 91 through Act 6…." *Id.* Plaintiff is wrong. In his Amended Complaint Plaintiff has not alleged – and cannot allege – any claim under Act 6. Indeed, by abandoning his previously asserted Act 6 claims, Plaintiff has conceded that Act 6 is completely inapplicable to his mortgage loan. Plaintiff's new attempt to predicate his FCEUA claim on a violation of Act 91 via a violation of Act 6 (contorted as it is) fails, just as his original Complaint failed, because Plaintiff's mortgage loan is outside the ambit of Act 6.

Moreover, even if Act 91 could be enforced through the FCEUA, his claim still fails because Plaintiff concedes he suffered no loss. Plaintiff argues that "[a]scertainable loss is not a defense under the FCEUA" and is only "a defense under the UTPCPL." Doc. 31 at 18. Again, Plaintiff is incorrect. The FCEUA does not contain a private cause of action and can only be enforced through the UTPCPL. *See Benner v. Bank of Am., N.A.*, No. 11-6574, 2013 WL 85913, at *16 (E.D. Pa. Jan. 7, 2013). In a private action under the UTPCPL, relief is available only if the plaintiff has suffered "an ascertainable loss…." *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001). Plaintiff has not alleged that he suffered any damage whatsoever from the alleged Act 91 disclosure violations or from the alleged breaches of his mortgage.[1] Moreover, Plaintiff has not alleged that he paid any purportedly offending fees and has not alleged that he made any payments that were misallocated. Given that Plaintiff has not alleged any damages from the alleged FCEUA violations, he has not suffered an ascertainable loss as is required to recover under the UTPCPL and the FCEUA. Consequently, his FCEUA claim should be dismissed.

**III. Plaintiff's UTPCPL Claim Fails To State A Claim Under The UTPCPL.**

Plaintiff's Amended Complaint alleged that BOA violated two sections of the UTPCPL, 201-2(4)(v) and 201-2(4)(xxi). BOA moved to dismiss the claims under both sections. In opposition to BOA's motion to dismiss, Plaintiff makes no attempt to defend his claim under Section 201-2(4)(v). Regarding Section 201-2(4)(xxi), contrary to Plaintiff's assertion, reliance ***is*** a required element of Plaintiff's claim. Although Plaintiff focuses on this as an issue of common law fraud pleading (Doc. 31 at 20-22), the Third Circuit has made clear that reliance is

[1] For example, Plaintiff does not aver that he was harmed in any way as a result of BOA's alleged attempt to demand in the Act 91 notice that Plaintiff make three months' payments when only two months' payments were overdue. Similarly, Plaintiff does not allege that he suffered any harm as a result of BOA's alleged threat to commence legal action if Plaintiff did not cure his default in 30 days, as opposed to the allegedly required 33 days.

a necessary precursor to private plaintiff *standing* under the UTPCPL. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008). The contradictory state Superior Court cases cited by Plaintiff are not persuasive in light of repeated holdings from the Third Circuit reaffirming that reliance is a prerequisite to a UTPCPL claim. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012); *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 499 (3d Cir. 2013); *Kemezis v. Matthews*, 394 F. App'x 956, 959 (3d Cir. 2010). And absent reliance—as is the case here, where Plaintiff did not pay any allegedly improper fees (or, for that matter, do anything at all) as a result of receiving the Act 91 notice or the foreclosure complaint that was filed against him—Plaintiff's UTPCPL claim cannot survive.

Finally, Plaintiff's theory that he suffered an ascertainable loss in the form of an increased encumbrance on his property is wholly unsupported by law. To the contrary, Judge Schwab rejected this argument in the specific context of the UTPCPL in *Salvati*. 2013 WL 1314777, at *6. Plaintiff has provided no on-point authority to bolster his lien theory, instead citing cases about taxes, escheat, and § 1983. Doc. 31 at 25. And Plaintiff's last-ditch attempt—quoting from the Superior Court's decision in *Grimes*—only proves BOA's point: In *Grimes*, the plaintiff's theory of loss was "that she … incurred costs and fees associated with asserting her rights and preventing [the defendant] from collecting its debt." *Grimes v. Enterprise Leasing Co. of Phila.*, 66 A.3d 330, 339 (Pa. Super. 2013). In other words, the court found that the plaintiff claimed an actual expenditure of money, which was sufficient to show ascertainable loss under the UTPCPL. In contrast here, Plaintiff does not claim to have paid any allegedly improper charges. Plaintiff's lien theory is not based on a loss of money associated with actions taken to assert his rights. Therefore, *Grimes* does not support the unusual loss theory that Plaintiff is asserting in this case.

Dated: July 26, 2013

*/s/Thomas L. Allen*
Thomas L. Allen (SBN 33243)
tallen@reedsmith.com
Nellie E. Hestin (SBN 311788)
nhestin@reedsmith.com
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

Andrew J. Soven (SBN 76766)
asoven@reedsmith.com
Marc A. Goldich (SBN 93055)
mgoldich@reedsmith.com
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: +1 215 851 8100
Facsimile:+1 215 851 1420

*Counsel for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically. I hereby certify that I have mailed by U.S. Postal Service the document to any non-CM/ECF participants.

REED SMITH LLP

By: *Thomas L. Allen*
Thomas L. Allen

Dated: July 26, 2013