UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE A. KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania,<br><br>        Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A. and UDREN LAW OFFICES, P.C.<br><br>        Defendants. | Civil Action #2:13-cv-00419-CRE |

**REPLY IN SUPPORT OF OBJECTIONS (OPPOSITION TO UDREN'S RESPONSE)**

  Udren claims that the FDCPA has made it a victim of its own misdeeds, complaining that an industry has popped up pursuing debt collector's violations of the FDCPA. See Document 50, pp. 1-2. However, where Congress enacted the FDCPA to regulate such illicit debt collecting conduct, Udren cannot call wolf when that conduct is brought to the Court's attention. See Simon v. FIA Card Services, N.A., 732 F.3d 259, 265 fn. 3 (3d Cir. 2013) ("Congress did not otherwise limit the FDCPA's applicability to lawyers using litigation to collect debts.").

  In this light, Udren attacks Mr. Kaymark's Objections and alleges that: (1) the fees demanded in the Foreclosure Complaint were consistent with the Mortgage, Fannie Mae's Regulations, and Act 6; (2) superseded FTC commentary states that the filing of a complaint by an attorney cannot form the basis of an FDCPA action; (3) Mr. Kaymark's representation by counsel during the debt collection process; (4) the Foreclosure Complaint's misrepresentations were not material; and, (5) a waiver of Mr. Kaymark's FDCPA rights constituted his failure to participate in the FDCPA's debt validation procedure. Mr. Kaymark disagrees. Udren's other arguments were not deemed relevant by the Magistrate's R&R and, therefore, were not

addressed.  Mr. Kaymark's responses to those non-issues are fully addressed in his Response to the Motions to Dismiss.  <u>See</u> Documents 31 and 32-1.

> ### A. Fee Demands in the Foreclosure Complaint were not Consistent with Either the Mortgage, Fannie Mae Regulations or State Law

Udren has attempted to again focus on the irrelevant question of the reasonableness of its fixed fees.  The issue is whether a fixed amount for attorneys' fees can include anticipated/estimated fees even though the contract, Fannie Mae Regulations and Act 6 only provides for reasonable, incurred charges for services performed.  Udren repeatedly argues, as a matter of law, the Fannie Mae Guidelines allows the foreclosing plaintiff to demand a fixed fee before the services are preformed and before they are incurred.  Document 50, p. 12.  What Udren does not address is that even if Fannie Mae Regulations can be read in such a way, Act 6, §406(3) only allows performed and incurred fees to be charged and the regulations in the foreclosure process do not preempt Act 6, §406(2).

Consistent with Fannie Mae Regulations and Act 6, Mr. Kaymark's Mortgage contract also requires fees to be incurred for work performed **before** they are charged to the homeowner's account.  The Mortgage explicitly states: "14.  Loan Charges.  Lender may charge Borrower fees **for services performed** in connection with Borrower's default for… attorneys' fees … 22.  Acceleration Remedies.  Lender shall be entitled to collect all expenses **incurred in pursuing the remedies** provided in this Section, including but not limited to, attorneys' fees," (Emphasis added).  Thus, all fees charged up to $1,650 come with the caveat that those fees must for services performed and must be incurred.  This is what the Mortgage required and the Mortgage is not preempted.  <u>See</u> <u>American Airlines, Inc., v. Wolens</u>, 513 U.S. 219 (1995).  Although Udren repeatedly represents that its charge was reasonable, conspicuously absent is whether the

right process for determining such fees was followed. A foreclosure plaintiff cannot simply fix its own fees at the outset of a litigation.

### B. Statements Made in Foreclosure Complaints are Regulated by the FDCPA

Udren again highlights the FTC commentary arguing that the filing of a complaint by an attorney is not a communication in connection with the collection of a debt. See Document 50, pp. 8-9. This defense is based largely on outdated case law that a pleading like a foreclosure complaint cannot form the basis of an FDCPA action as a matter of law. Subsequently, the United States Supreme Court held otherwise. In Heintz v. Jenkins, 514 U.S. 219 (1995), the Supreme Court considered whether the FDCPA applies to a lawyer who regularly collect consumer debts through litigation. Therefore, what the FTC said in 1989 is superseded by Heintz (1995), as well as the amendment of the FDCPA by Congress in 1996. By taking formal pleadings out of the ambit of §1692g, Congress evidenced its intent to regulate formal pleadings under the FDCPA. See Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1031-1032 (9th Cir. 2010) ("While the communication at issue in Heintz was a letter, not a legal pleading as here, the logic of Heintz controls our analysis… the Complaint furthered… an effort to collect the debt through litigation."); Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 461 (6th Cir. 2013) ("mortgage foreclosure is debt collection under the FDCPA.); Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 231 (4th Cir. 2007) (same). In the Third Circuit, there can be no doubt. See Simon, 732 F.3d at 265 fn. 3 (quoted supra). Also see Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 232 (3d Cir. 2005).[1]

---

[1] Udren misconstrues Gabriele v. Am. Home Mortgage Servicing, Inc., 503 F. App'x 89 (2nd Cir. 2012). Gabriele clearly affirms that a legal pleading can violate the FDCPA. The problem with the cause of action in Gabriele was not that it was premised on a formal pleading, but that the misrepresentations it attacked were too narrow and technical to materially mislead anyone. Id.

### C. Representation by Counsel During the Foreclosure Litigation Has No Bearing on the FDCPA Claims Asserted

Udren also makes much of the fact that Mr. Kaymark was represented in the foreclosure proceedings. As the recent case of Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, (2010) makes clear that legal representation does not provide the debt collector an FDCPA defense. There is no safe harbor in the FDCPA for debt collectors to abuse consumers represented by counsel during litigation. See Simon, 732 F.3d at 271 .

### D. Misrepresentations in the Foreclosure Complaint were Material

The relevant Pennsylvania Rules of Civil Procedure require that the amount charged for attorneys' fees and awarded by the court resulting in a sum certain. Pa.R.Civ.P. Rule 3021. At the end of the foreclosure proceedings, after a factual showing establishing the charges that were actually incurred the court itself determines the reasonable fee award.[2] It would negate this Rule if the debt collector in the body of the foreclosure complaint can make this determination itself. Because representing that that fee was due and owing in the body of the foreclosure complaint, as opposed to the request for relief, is a violation of the FDCPA that calls for, at a minimum, statutory damages, no materiality inquiry is needed. See F.T.C. v. Check Investors, Inc., 502 F.3d 159, 166 (3d Cir.2007) (providing statutory damages for violations).

### E. The Debt Validation Procedure Does Not Apply to Kaymark's Claims

Udren also argues at length that Mr. Kaymark waived his right to bring any FDCPA action by failing to participate in the FDCPA's debt validation procedure. The purpose of the debt validation notice is to allow consumers that dispute a debt to prevent further debt collection activity until the debt is verified. Here, Mr. Kaymark was provided notice of a thirty day period

---

[2] Udren's reliance on Owens v. Howe, 1:04-cv-152, 2004 WL 6070565 (N.D. Ind. Nov. 8, 2004) is similarly misplaced. Document 50, pp. 15-16. It is not only that the fees had to be determined reasonable, but actually performed before the demand. Here, where the proceeding is sixty days shy of even being born, it is highly doubtful that the fees were incurred for services performed.

to contest the validity of the debt on the same day he was provided notice that he had only twenty days to respond to the Foreclosure Complaint. The purpose of debt validation process cannot be accomplished if suit has already been commenced.[3]

That is why Congress in 1996 removed legal pleadings out of the ambit of FDCPA §1692g by amendment. That is, though a formal pleading in a civil action is still a communication for the purposes of the FDCPA, it has been exempted from the class of initial communications that require a debt validation notice. Since a foreclosure complaint is no longer covered by §1692g, Mr. Kaymark's supposed non-response is a non-issue since whatever Udren's notice was, it was not a §1692g debt validation notice. No such thing exists where the initial communication constitutes a debt validation notice and a formal legal pleading. In any event, the failure to respond to a debt validation notice is not an FDCPA defense.

Respectfully Submitted,
MICHAEL P. MALAKOFF, P.C.
*/s/Michael P. Malakoff*
Michael P. Malakoff, Esquire
Pennsylvania Attorney I.D. #11048
Jonathan R. Burns, Esquire
Pennsylvania Attorney I.D. # 315206
Suite 200, the Frick Building
Pittsburgh, PA 15219
Telephone: (412) 281-4217
Facsimile:  (412) 281-3262
malakoff@mpmalakoff.com

*Attorneys for Named Plaintiff Dale A. Kaymark, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania*

---

[3] Mr. Kaymark is not bringing an action under the FDCPA, §1692g challenging the legality of the form of the debt validation notice used by Udren. Therefore, Udren's reliance on the proceedings in McLaughlin is misplaced. See McLaughlin v. Phelan Hallinan & Schmeig, No. 2:10-cv-01406-GLL, Document 94 p. 3 (W.D.Pa. Sept. 10, 2012) ("McLaughlin did not state a viable claim **under section 1692g** because he did not allege that he challenged the validity of the debt prior to filing suit,"(Emphasis added). McLaughlin's holding is limited to claims under the FDCPA, §1692g. Since there is no such §1692g claim here, McLaughlin has no bearing.

## CERTIFICATE OF SERVICE

I hereby certify that on the **4th** day of **March**, **2014**, a true and correct copy of the foregoing **Reply in Support of Objections (Opposition to Udren's Response)** was served upon the following parties of interest via the Court's Electronic Filing System:

Thomas L. Allen, Esquire
Nellie E. Hestin, Esquire
REED SMITH, LLP
225 Fifth Avenue
Pittsburgh, PA 15222

Jonathan J. Bart, Esquire
WILENTZ GOLDMAN & SPITZER, PA
Two Penn Center, Suite 910
Philadelphia, PA 19102

*/s/Michael P. Malakoff*
Michael P. Malakoff, Esquire