# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KAYMARK, individually and on behalf of other similarly situated and former homeowners in Pennsylvania, | Civil Action No. 13-CV-0419 |
| Plaintiffs, | United States District Judge Cathy Bissoon |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| BANK OF AMERICA, N.A., and UDREN LAW OFFICES, P.C., | |
| Defendants. | |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.C, 72.D and 72.G of the Local Rules for Magistrates.

On December 11, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 41) recommending that Defendant Udren Law Offices, P.C.'s ("Udren") and Defendant Bank of America, N.A.'s ("BOA") Motions to Dismiss (Docs. 24 and 26, respectively) be granted. Service of the Report and Recommendation was made on the parties, and Plaintiff filed Objections (Doc. 44) on January 21, 2014. Udren and BOA each filed a Response (Docs. 50 and 51, respectively). On March 4, 2014, Plaintiff filed a Reply in opposition to Udren's and BOA's Response (Docs. 53 and 54).

The Court finds it appropriate to address certain arguments raised in Plaintiff's Objections, but first will provide a limited background of the case.

## I. Background

Plaintiff Dale Kaymark defaulted on a mortgage held by BOA ("the Mortgage"). On September 13, 2012, Udren, acting on BOA's behalf, filed a Foreclosure Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. Represented by counsel, Plaintiff contests the foreclosure, and adversary proceedings are currently pending in state court.

The relevant terms of the Mortgage provide that in the event of default, the lender (BOA) may charge the Borrower (Plaintiff) fees for services performed in connection with Borrower's default, including, but not limited to, attorneys' fees, property inspections and valuation fees. See Amended Complaint, Ex. C at p. 3 (Doc. 23).

In his Amended Complaint, Plaintiff states four counts: Count I, against BOA only, for violating the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 P.S. §2270.4(b)(5) and §2270.4(b)(6); Count II, against Udren only, for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(2)(A), e(5) and e(10) and §1692f; Count III, against BOA and Udren, for violating the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"), 73 P.S. §201-2(4); and Count IV, against BOA only, for common law breach of contract (the Mortgage).

Plaintiff raises objections to the Magistrate Judge's recommendation that his state law claims and FDCPA claim be dismissed with prejudice. The Court will limit discussion to the objections raised by Plaintiff.

## II. Plaintiff's State Claims

The Court finds that the Magistrate Judge correctly determined that Plaintiff failed to assert a plausible claim under the PFCEUA or PUTPCPL because Plaintiff failed to demonstrate an ascertainable loss. R&R. at p. 16. Plaintiff argues that the Foreclosure Complaint contained unauthorized attorneys' fees and other fees, and these fees caused a diminution in value of his

property equal to the fees -- a loss that is neither vague nor speculative. Objections pp. 28-34 (Doc. 44).[1]

Plaintiff cites to several Pennsylvania court opinions to support the argument that damages associated with the diminution in value of his property is an ascertainable loss, as contemplated under the statute. All of the cases cited by Plaintiff in support of his argument are clearly distinguishable from the facts of this case. For example, Plaintiff relies heavily on Grimes v. Enterprise Leasing Co. of Philadelphia, LLC, 66 A.3d 330 (Pa. Super. 2013). Plaintiff's reliance is misplaced. In Grimes, the Superior Court found that a plaintiff had demonstrated an ascertainable loss by demonstrating she paid costs and fees associated with challenging a defendant's alleged wrongful conduct under an existing contract. Id. at 336. Unlike the plaintiff in Grimes, Plaintiff does not argue an actual loss, but alleges a speculative loss based on the alleged diminution in value of his property. As articulated in BOA's Response, Plaintiff's argument is couched in forward-looking speculative terms, which are insufficient to establish ascertainable loss under the PUTPCPL. In short, the law calls for loss that can be identified with some level of certainty. Plaintiff has not pleaded facts to satisfy this requirement.[2]

The same can be said of Plaintiff's breach of contract claim. The Magistrate Judge correctly recommended that Plaintiff's breach of contract claim be dismissed because Plaintiff failed to plead resultant damages. R&R at 16. Plaintiff objects to this determination and relies

---

[1] The elements of a private PUTPCPL claim include, *inter alia*, the demonstration that plaintiff suffered an ascertainable loss of money or property. Baynes v. George E. Mason Funeral Home, Inc., 2011 WL 2181469, *4 (W.D.Pa. 2011). The PFCEUA is enforced by the remedial provision of the PUTPCPL, and the law governing PUTPCPL claims also governs PFCEUA claims. See Benner v. Bank of America, N.A., 917 F.Supp.2d 338, 359 (E.D.Pa. 2013).
[2] Contrary to Plaintiff's assertion, this issue is not a question of remedy to be determined at a later stage of the litigation, but instead represents a necessary component of a plausible claim.

on the same arguments raised in relation to his PFCEUA and PUTPCPL claims.[3] As stated above, Plaintiff's claim of damages for the inclusion of the attorneys' fees and other fees, without evidence that he actually paid the fees, is not enough to demonstrate that he has suffered damages as a result of BOA's alleged breach of the Mortgage.

### III. Plaintiff's Federal Claim

As to Plaintiff's FDCPA claim, the Magistrate Judge correctly recommended dismissal of the claim because the Foreclosure Complaint is neither false, misleading, nor deceptive. R&R at 21. Plaintiff objects to this determination and argues that BOA's inclusion of unincurred attorneys' fees is improper under state and federal law. Objections at p.p. 10-12. Simply put, the Magistrate Judge was correct in determining that the Mortgage authorizes BOA to charge Plaintiff attorneys' fees and other fees related to Plaintiff's default, and that the inclusion of such fees is not prohibited by law.

Plaintiff's contention that the inclusion of unincurred (but authorized) fees involves the "use of false representation or deceptive means to collect a debt or debts" in violation of the FDCPA is unavailing.[4] As reasoned by the Magistrate Judge, nowhere do the loan documents or any state or federal law prohibit listing attorneys' fees and other fixed costs in a foreclosure

---

[3] Plaintiff makes little effort to distinguish his objections related to the recommended disposition of his PFCEUA and PUTPCPL claims and his breach of contract claim.

[4] Plaintiff argues that demanding a liquidated or sum certain fee in the body of a foreclosure compliant is illegal. Objections at 20. Plaintiff takes issue with the inclusion of the fees without the express caveat that the fees are merely an estimate, or represent the maximum allowed under the FNMA Servicing Guide. Id. While Plaintiff makes the argument that such activity is illegal (by way of conflated references to state procedural rules and federal agency regulations), Plaintiff offers no credible support for this conclusion. As determined by the Magistrate Judge, the inclusion of the disputed fees, with or without Plaintiff's proposed caveat, was not false, misleading, nor deceptive. Plaintiff does not dispute the reasonableness of the fees or that the fees were authorized under the Mortgage, nor does Plaintiff dispute that the fees were ultimately incurred.

complaint even if they have not actually been incurred at the time of the filing of the complaint, but are reasonably expected to be incurred.

## IV. Conclusion

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, Objections, Responses and Replies thereto, the following Order is entered: The pending Motions to Dismiss (Docs. 24 and 26) are **GRANTED** and Plaintiff's Amended Complaint is dismissed with prejudice. Furthermore, the Report and Recommendation of Magistrate Judge Eddy dated December 11, 2013, is hereby adopted as the opinion of the District Court.

IT IS SO ORDERED.

March 31, 2014                                                         s\Cathy Bissoon
                                                                                            Cathy Bissoon
                                                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record