### UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE A. KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania,<br><br><div align="right">Plaintiffs,</div><br><div align="center">v.</div><br>BANK OF AMERICA, N.A. and UDREN LAW OFFICES, P.C.<br><br><div align="right">Defendants.</div> | Civil Action #2:13-cv-00419-CRE |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS

MICHAEL P. MALAKOFF, P.C.
*/s/Michael P. Malakoff*
Michael P. Malakoff, Esquire
Pennsylvania Attorney I.D. #11048
Suite 200, the Frick Building
Pittsburgh, PA 15219
Telephone: (412) 281-4217
Facsimile:  (412) 281-3262
malakoff@mpmalakoff.com
*Attorneys for Named Plaintiff Dale A. Kaymark, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania*

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................... 1

II.    STATEMENT OF FACTS AND PROCEEDINGS........................................... 2

III.    STANDARD OF REVIEW .................................................................................. 3

IV.    SUMMARY OF LEGAL ARGUMENT ............................................................ 4

V.    LEGAL ARGUMENT ......................................................................................... 5

VI.    CONCLUSION ..................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943 (3d Cir. 1985) .................................... 3

Burton v. Nationstar Mortgage LLC, No. 14-5059, 2015 WL 1636956 (E.D.Pa. Apr. 13, 2015) ............................................................................................................................... 5

Casey v. Planned Parenthood of Southeastern Pennsylvania, 14 F.3d 848 (3d Cir. 1994) ................................................................................................................................... 3

Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010) ................................................ 1, 5

EMC Mortgage v. Biddle, 114 A.3d 1057 (Pa.Super 2015).......................................................... 6

In re Smith, 76 B.R. 426 (Bankr. E.D. Pa. 1987) ........................................................................ 6

Jensen v. Pressler & Pressler, 791 F.3d 413 (3d Cir. 2015) ................................................. passim

Kaymark v. Bank of America, N.A., 783 F.3d 168 (3d Cir. 2015) cert. denied, 136 S.Ct. (Jan. 11, 2016)................................................................................................... passim

McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240 (3d Cir. 2014)................. passim

Salvati v. Deutsche Bank Nat. Trust Co., N.A., 575 Fed.Appx. 49 (3d Cir. 2014)...................... 6

Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 3:11-CV-1111 SRU, 2012 WL 4372251 (D. Conn. Sept. 24, 2012) ................................................................................. 5

**Statutes**

Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ............................................. passim

**Rules**

Fed.R.Civ.P. 26(f)........................................................................................................................ 3

And now comes the Plaintiff, Dale A. Kaymark ("Mr. Kaymark"), individually and on behalf of other similarly situated former and current homeowners in Pennsylvania, and makes this his Response in Opposition to Defendant's Renewed Motion to Dismiss (see Documents 75-76).

## I. __INTRODUCTION__

Debt collecting law firms have become experts in delaying proceedings; sometimes requiring discovery-related sanctions before they will participate in class discovery. See McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240 (3d Cir. 2014). Although this action commenced in 2013 after being removed from state court, Udren has not yet filed its Answer or participated in discovery. Given its continued delay tactics, it is Plaintiff's hope that Udren will not be able to avoid filing an Answer or participating with class discovery for an additional few years.

Udren's current motion does not even bare cursory scrutiny. Udren's entire defense here comes down to the simple argument that, since Udren's Foreclosure Complaint did not cause Mr. Kaymark to do anything different, it was not material under the FDCPA. But, this is simply not the law in this or any Circuit. And, in fact, it leads to an absurd result: that anyone not actually mislead by a deceptive debt collection communication has not been subjected to an FDCPA violation. No Circuit has ever adopted the *actually mislead* standard urged by Udren here. By Udren's own account, the Third Circuit has adopted the standard that a deception is material unless "[i]t could not possibly have affected the least sophisticated debtor's ability to make intelligent decisions." Jensen v. Pressler & Pressler, 791 F.3d 413, 422 (3d Cir. 2015) citing Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) (internal quotation omitted). The actual standard, then, that is binding on this Court ("could not possibly affect") is,

from a logical standpoint, light years away from the "did not actually affect" standard offered by Udren in this action.  The chief case on materiality in this Circuit (id.) adopts the position that the standard for materiality is co-extensive with the well-known least sophisticated consumer standard long adopted by this Circuit.  Furthermore, in formulating this standard, the Third Circuit in Jensen cited not only the virtually identical McLaughlin case, but also **this very case,** as establishing how low a bar the materiality/least sophisticated consumer standard imposes.  Id. That is, in formulating the materiality standard, the Third Circuit specifically noted **this case** as a demonstration of what would pass the materiality test.

Deceptive statements that have been found to be immaterial are hyper-technical violations that could not possibly affect a consumer's decisions.[1]  Here, Udren represented that estimated attorneys' fees that had yet to be incurred or determined by a court were currently due and owing.  That is, the amount and/or current legal status of the debt were misrepresented.  The amount, and legal status of a debt (i.e., whether it is currently owed) is paradigmatically material. Udren had a full opportunity to argue this point before the Third Circuit, an opportunity it availed itself of.  The Court of Appeals, nevertheless, was not moved and reversed and remanded the case to this Court.  With respect to Udren's facially defective materiality argument, Udren has taken its bite at the apple and missed.  This Court should not revisit the issue now, particularly in light of the fact that the Third Circuit case establishing a materiality test in this circuit specifically cites **this case** as one that passes the materiality test.

## II.   STATEMENT OF FACTS AND PROCEEDINGS

This class action is on remand from the Third Circuit's May 26, 2015 mandate.  See Kaymark v. Bank of America, N.A., 783 F.3d 168, 183 (3d Cir. 2015) cert. denied, 136 S.Ct.

---

[1] For instance, in Jensen the deception had nothing to do with the amount or legal status of the debt, but consisted in a subpoena that was signed by someone other than the court clerk.

(Jan. 11, 2016). Statutory damages, costs and reasonable attorneys' fees under the FDCPA, 15 U.S.C. §1691(a) against Udren are requested as a result of its violations of the Fair Debt Collection Practices Act, §§1692e(a)(2), (10), 1692f(1) by charging and/or collecting unauthorized and/or illegal foreclosure fees. On April 7, 2015, the Third Circuit (Fuentes, Fisher and Krause, J.J.J.) issued a precedential opinion, holding: "[W]e will reverse the District Court's order dismissing Kaymark's 15 U.S.C. §§ 1692e(A)(2), (10), and 1692f(1) claims against Udren and affirm the District Court's order dismissing Kaymark's § 1692e(5), UTPCPL, FCEUA, and breach of contract claims." 783 F.3d at 183. The fees demanded violated the FDCPA because they were represented as due and owing instead of estimated/anticipated. On March 22, 2016, the Court reissued a scheduling order. See Document 68. Thereafter, Mr. Kaymark and Udren (the only remaining Defendant) jointly filed a Rule 26(f) Report. See Document 74. Now, through a Renewed Motion to Dismiss, Udren raises the same materiality issue that it had raised on appeal. See Documents 75-76. The scheduling order was then vacated as a result of Udren's renewed filing. See Document 77.

## III.   STANDARD OF REVIEW

"It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985). Respectfully, this Court "must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Id., 949. Also see Casey v. Planned Parenthood of Southeastern Pennsylvania, 14 F.3d 848 (3d Cir. 1994) quoting Bankers Trust. The Third Circuit has held that Mr. Kaymark stated an FDCPA violation against Udren after being fully briefed on the materiality issue. Respectfully, it is now time for Udren to

answer the Complaint.

## IV.   <u>SUMMARY OF LEGAL ARGUMENT</u>

This case centers on debt collecting attorneys demanding foreclosure-related attorneys' fees that were not incurred for services performed, and not determined to be reasonable by a court.  Such fees are not authorized under the Mortgage.  As the foreclosure litigation provided, those fees may or may not have been actually earned.  Demanding estimated fees as due and owing, fees that have not been incurred for services actually performed, and determined by a Court to be reasonable, deprives homeowners of their fundamental opportunity to cure their default based on the true amount due.  It was vigorously argued that the claims were material and that the least sophisticated consumer was misled.  In a Report and Recommendation, the Magistrate agreed with Defendants' finding that the claims were "rather hypertechnical." Document 41, p. 23.  This Court adopted the R&R in its entirety.  <u>See</u> Document 55.  Thereafter, the Third Circuit held that, "we will reverse the District Court's order dismissing Kaymark's 15 U.S.C. §§ 1692e(A)(2), (10), and 1692f(1) claims against Udren and affirm the District Court's order dismissing Kaymark's § 1692e(5), UTPCPL, FCEUA, and breach of contract claims."  783 F.3d at 183.  The mandate was issued on May 25, 2015.  <u>See</u> Document 60.  Not willing to abide by the FDCPA holding of the Third Circuit, Udren attempted to obtain certiorari from the Supreme Court, which was denied on January 11, 2016.  <u>See</u> 136 S.Ct. 794.

In a Renewed Motion to Dismiss, Udren attempts to persuade this Court what it could not persuade the Third Circuit; to find that Mr. Kaymark's claims are not material and to hold that there has been no FDCPA violation.  <u>See</u> Documents 75-76.  Respectfully, under the mandate rules this Court must faithfully and strictly follow the Third Circuit's decision upon remand. Here, Udren has availed itself of three appellate opportunities to pursue its materiality defense,

all to no benefit.

Furthermore, Udren's defense is completely without merit, and is directly contradicted by the very case, cited by Udren, establishing a materiality standard. The materiality standard promulgated by the Third Circuit finds that a statement is not material with respect to the FDCPA if it "could not possibly have affected the least sophisticated debtor's ability to make intelligent decisions." Jenson, 791 F.3d at 422, quoting Donohue, 592 F.3d at 1034 (internal quotations omitted). Udren's fundamental error is confounding the "could not possibly have affected" standard with a "did not actually affect" standard of its own invention. Udren's fanciful test would impose an "actual prejudice" standard for FDCPA violations, which would utterly upend the statute.

## V.  **LEGAL ARGUMENT**

In Jensen, the Third Circuit adopted a materiality standard for FDCPA violations. Under this standard, materiality and the least sophisticated consumer standards are viewed as basically the same with respect to a determination of whether the FDCPA has been violated or not. See Jensen, 791 F.3d at 421. Under Jensen, a misstatement is not material if it "could not possibly have affected the least sophisticated debtor's ability to make intelligent decisions." Id., 422.

The Jensen standard applies to hyper-technical violations that, as a matter of law, could not cause even the least sophisticated consumer to respond any differently to the communication at issue.[2]  The violation here is of an entirely different category.  The misstatement here goes directly to the amount of the debt, and whether the debt is currently due and owing (and required

---

[2] Examples of hyper-technical violations (from Udren's cases) include; a misstatement of the identity of the party sending an intent to foreclose notice in a motion for summary judgment (Burton v. Nationstar Mortgage LLC, No. 14-5059, 2015 WL 1636956 (E.D.Pa. Apr. 13, 2015)); improper itemization of an accurate charge (Donohue, 592 F.3d 1027); statement that does not cause confusion about the validity or amount of the debt or that bare no relation to the underlying debt (Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 3:11-CV-1111 SRU, 2012 WL 4372251, *5 (D. Conn. Sept. 24, 2012)); person other than Court Clerk signing a subpoena (Jensen).

to cure the default and reinstate the mortgage).  Indicating that a merely estimated amount is currently due and owing (and required to cure) is no mere technicality.[3]

The Third Circuit in this case has unambiguously determined that the misstatements here satisfy the "least sophisticated consumer standard."

> [W]e must view the Foreclosure Complaint through the lens of the least-sophisticated consumer and in the light most favorable to Kaymark. In this perspective, the most natural reading is that Udren was not authorized to collect fees for not-yet-performed legal services and expenses, forming a basis for a violation of § 1692f(1).

783 F.3d at 175-176.  Under the rule of Jensen, then, which views materiality as a corollary for any misstatement passing the "least sophisticated consumer" test, this Court must find that that the misstatements here are material.  Mr. Kaymark found the misstatements to be misleading from the perspective of the least sophisticated consumer.  The standard promulgated by Jensen does not allow for a statement that would be deceptive from the perspective of the least sophisticated consumer to also be determined to be not material.  Under Jensen, being material simply means being deceptive from the perspective of the least sophisticated consumer.

The Third Circuit has recently issued opinions in FDCPA cases that center on similar estimated/anticipated debt demands where the least sophisticated consumer standard was held viable.  See McLaughlin, 756 F.3d 240; Kaymark, 783 F.3d at 183.  Also see Salvati v. Deutsche Bank Nat. Trust Co., N.A., 575 Fed.Appx. 49 (3d Cir. 2014).  These cases were specifically noted by the Jensen court, which explicitly found that the materiality and least sophisticated

---

[3] Udren argues that the attorneys' fee it demanded was mandated by FNMA and is not subject to any sort of calculation.  This is untrue.  FNMA does not mandate a set fee.  Rather, it imposes a ceiling on the fee that can be charged by Udren to FHMA when the foreclosure process has completed.  In contrast, under the mortgage contracts, the borrower can only be charged for fees incurred for services performed, and determined to be reasonable by a court.  Udren can charge up to the FNMA maximum at the end of the case if the required lodestar analysis done by the court supports it.  EMC Mortgage v. Biddle, 114 A.3d 1057 (Pa.Super 2015); In re Smith, 76 B.R. 426, 432 (Bankr. E.D. Pa. 1987).  But, what it cannot due is demand this sum as due and owing upfront.  Before the services are performed, and the loadstar analysis is performed, making such a demand is, at best, founded on a guess that Udren will earn the maximum amount allowed when everything is said and done.

consumer test are co-extensive.  In applying the FDCPA materiality/least sophisticated standard

from McLaughlin, the Jensen court recognized:

> Because the materiality requirement is a corollary of the least
> sophisticated debtor standard, the relevant "decisionmaking body"
> here is the least sophisticated debtor.  Thus, a statement in a
> communication is material if it is capable of influencing the
> decision of the least sophisticated debtor. *See Elyazidi,* 780 F.3d at
> 234 ("To violate the statute, a representation must be material,
> which is to say, it must be 'important in the sense that [it] could
> objectively affect the least sophisticated consumer's
> decisionmaking.' ") (alteration in original) (citation omitted)).
> As our jurisprudence in this area has shown, this is not a
> particularly high bar.  For example, we recently held that debt
> collectors may not, consistent with § 1692e, represent estimates of
> the amount that the debtor would ultimately owe as the *actual*
> amount owed as of the date of the communication. *McLaughlin,*
> 756 F.3d at 246; *see also Kaymark v. Bank of America, N.A.,* 783
> F.3d 168 (3d Cir.2015).  In *McLaughlin,* we noted that the conduct
> plainly violated § 1692e(2), which forbids the "false representation
> of ... the character, amount, or legal status of any debt." 756 F.3d at
> 246.  Thus, the materiality requirement, correctly applied,
> effectuates the purpose of the FDCPA by precluding only claims
> based on hypertechnical misstatements under § 1692e that would
> not affect the actions of even the least sophisticated debtor.

791 F.3d at 421-422.  Thus, the Third Circuit held that the use of estimated/anticipated debt

demands made under a mortgage, as here, is sufficiently material to be the basis for an FDCPA

violation.  The same must be held here.  Although Udren disagrees, the Third Circuit held that

McLaughlin and this case are indistinguishable with respect to the materiality of the

misrepresented fees.  The Third Circuit in Kaymark, this action, held:

> Bearing on these claims, the parties dispute the relevance of our
> intervening decision in *McLaughlin v. Phelan Hallinan &
> Schmieg, LLP,* 756 F.3d 240 (3d Cir.2014)—decided by this Court
> after the District Court's order.  In *McLaughlin,* we held that nearly-
> indistinguishable conduct in a debt collection demand letter, rather
> than a foreclosure complaint, violated the FDCPA.  We now
> conclude that *McLaughlin's* holding extends to foreclosure
> complaints, and we reverse the District Court's order dismissing
> certain FDCPA claims against Udren.

783 F.3d at 174.   Thus, as evidenced above, the Third Circuit has held that the estimated/anticipated demands as alleged here and in <u>McLaughlin</u> state an FDCPA violation. <u>Also</u> <u>see</u> <u>id.</u> ("The facts in *McLaughlin* are virtually indistinguishable from the case at bar."); <u>id.</u>, 179 ("Given our holding in *McLaughlin* based on nearly-indistinguishable facts, we conclude that the fact that the debt collection activity at issue here involves a foreclosure complaint, rather than a debt collection letter, does not remove it from the FDCPA's purview under *McLaughlin*.").   Therefore, under the least sophisticated consumer/ materiality standard, <u>Jensen</u> and the Third Circuit here has already held that a debt collector is not authorized to demand estimated or anticipated debts where the contract only authorizes actually incurred demands for legal services actually performed.   Thus, as to the materiality or least sophisticated consumer standard, a debt collector that demands the payment of debts not due at the time of the demand violates the FDCPA.   Significantly, research does not reveal a single case where a court held that a debt collector's overcharge is not material.

The Third Circuit here also held that its prior holdings in <u>McLaughlin</u> (insofar as the estimated/anticipated fee demands under the mortgage contract) were dispositive because "[t]he facts in *McLaughlin* are virtually indistinguishable from the case at bar [and] Udren also did not convey that the disputed fees were estimates or imprecise amounts." <u>Id.</u>, 175.   Therefore, the Third Circuit had already held that "the Foreclosure Complaint conceivably misrepresented the amount of the debt owed, forming a basis for violations of § 1692e(2)(A) and (10)." <u>Id</u>   It did state that Udren's defense was plausible because the Mortgage contract was "arguably capable of more than one meaning," but, "the most natural reading is that Udren was not authorized to collect fees for not-yet-performed legal services and expenses, forming a basis for a violation of § 1692f(1)." <u>Id.</u>, 175-176.   As to the estimated/anticipated fee issue, the **multitude of differences**

between complaints and debt collection letters are not relevant with respect to the existence of the FDCPA violations in the cases cited, infra.  Id., 178-179.

Udren has unsuccessfully pursued its materiality defenses four times (here, throughout the Third Circuit litigation, including its attempt to obtain en banc review, and in petitioning the Supreme Court for certiorari).  Udren lost on its materiality and all other FDCPA defenses, and has now had ample opportunities to argue this materiality/least sophisticated consumer defense and, respectfully, it is time to move on.

**VI.**    **CONCLUSION**

Wherefore, for the reasons stated above, Udren's Renewed Motion to Dismiss (Documents 75-76) should be denied.

Respectfully Submitted,
MICHAEL P. MALAKOFF, P.C.
*/s/Michael P. Malakoff*
Michael P. Malakoff, Esquire
Pennsylvania Attorney I.D. #11048
Suite 200, the Frick Building
Pittsburgh, PA 15219
Telephone: (412) 281-4217
Facsimile:  (412) 281-3262
malakoff@mpmalakoff.com
*Attorneys for Named Plaintiff Dale A. Kaymark, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania*

## CERTIFICATE OF SERVICE

I hereby certify that on the **27th** day of **May**, **2016**, a true and correct copy of the foregoing **Response in Opposition to Defendant's Renewed Motion to Dismiss** was served upon the following parties of interest via the Court's Electronic Filing System:

Jonathan J. Bart, Esquire
WILENTZ GOLDMAN & SPITZER, PA
Two Penn Center, Suite 910
Philadelphia, PA 19102

*/s/Michael P. Malakoff*
Michael P. Malakoff, Esquire