UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE A. KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania,<br><br>                           Plaintiffs,<br><br>              v.<br><br>BANK OF AMERICA, N.A. and UDREN LAW OFFICES, P.C.<br><br>                           Defendants. | Civil Action #2:13-cv-00419-CRE |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS**

MICHAEL P. MALAKOFF, P.C.
Michael P. Malakoff, Esquire
Pennsylvania Attorney I.D. #11048
Suite 200, the Frick Building
Pittsburgh, PA 15219
Telephone: (412) 281-4217
Facsimile: (412) 281-3262
malakoff@mpmalakoff.com
*Attorneys for Named Plaintiff Dale A. Kaymark, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania*

I. **INTRODUCTION**

Udren's reply to Mr. Kaymark's Opposition to the current motion is founded on either misstatement or elision of Mr. Kaymark's arguments.  First, it is not Mr. Kaymark's position that the Third Circuit explicitly decided the materiality issue, but that the Court had a full opportunity to consider the issue and yet was unmoved to do so, even though this Court had found the argument persuasive.  Second, it is not Mr. Kaymark's position that Jensen does not change the law.  Clearly it does by making materiality an explicit requirement under Third Circuit law.  But, it does this by clarifying that the materiality requirement is simply "a corollary of the least sophisticated debtor standard."  Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015).  Thus, it immediately follows that a pleading that survives the least sophisticated debtor ("LSD") standard also survives the materiality requirement.  Id.  Third, Udren simply elides Mr. Kaymark's argument that Udren is radically distorting the Jensen standard.  By Udren's own admission, the Jensen standard is "capable of influencing the decision of the [LSD]."  Document 81, p. 11.  Whether or not Mr. Kaymark's decisions were actually influenced by Udren's communication is not at all dispositive.  The legal question is not what Mr. Kaymark did, but what a hypothetical "least sophisticated consumer" might do under similar circumstances.  Kaymark v. Bank of America, N.A., 783 F.3d 168 (3d Cir. 2015), cert. denied, 136 S.Ct. 794 (2016).  Udren is attempting to transmute an objective legal determination into a fact bound individualized determination.  Fourth, Spokeo only requires that the Court find the pleading of a concrete injury to establish constitutional standing.  See Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1550 (2016), as revised (May 24, 2016).  This standard is satisfied by a pleading that establishes "the risk of real harm" or alternatively "risk of material harm."  Id.  Once again, as in Jensen, the standard does not require actual harm, only the "risk" of real harm.

II. **LEGAL ARGUMENT**

    A. *Udren Had a Fair Opportunity to Fully Present Its Materiality Defense and Therefore, The Third Circuit Had a Full Opportunity to Consider the Merits of the Current Motion, but Elected to Remand the Case Anyway*

Udren makes much of the fact that the Third Circuit has not explicitly ruled on the materiality issue. But, whether or not the Third Circuit made an explicit finding, and whether or not Mr. Kaymark argued before the Supreme Court that the issue is technically unresolved, the facts remains that this Court adopted Udren's argument; the Third Circuit reversed and remanded anyway, despite this Court's prior holding and despite Udren's vigorous defense of this very holding. And, when Udren's argument is viewed from the lens of the new Jensen decision, it again becomes clear why the Court found Udren's materiality defense unpersuasive. The Third Circuit has found that in this case and McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240 (3d Cir. 2014), cert. denied, 135 S.Ct. 487 (2014), the communications at issue showed the potential to affect the decisions of an LCD. See Jensen, supra. As the Jensen court also found that materiality is a corollary of satisfaction of the LSD standard [Id.], it follows directly that both Mr. Kaymark's and McLaughlin's state material violations in misrepresenting the amount and legal status of the debt, a fact directly acknowledged by the Jensen court. Id. Accordingly, given the now existing case law, remand in Kaymark despite this Court's prior materiality holding, it is a waste of time to revisit this issue again, and it is respectfully time to move on.

    B. *Jensen in Establishing the Materiality Standard in this Circuit Specifically Recognized This Case as an Example of Pleadings that Would Satisfy the LSD and Materiality Standards*

Udren suggests that Mr. Kaymark has misused the Jensen standard by describing the LSD standard and materiality requirement as co-extensive, so a closer look at what the court actually said is likely in order. In Jensen, the Court recognizes:

> It is therefore clear that the materiality requirement **is simply another way of phrasing the legal standard we already employ** when analyzing claims under § 1692e, … **Because we view the materiality requirement as a different way of expressing the least sophisticated debtor standard**, we are satisfied that adopting a materiality requirement for claims brought under § 1692e is consistent with Congress's intent in this regard. …
>
> **Because the materiality requirement is a corollary of the least sophisticated debtor standard**, the relevant "decisionmaking body" here is the least sophisticated debtor. Thus, a statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor. …
>
> [W]e recently held that debt collectors may not, consistent with § 1692e, represent estimates of the amount that the debtor would ultimately owe as the *actual* amount owed as of the date of the communication. *McLaughlin,* 756 F.3d at 246; *see also Kaymark[]*. In *McLaughlin,* we noted that the conduct plainly violated § 1692e(2), which forbids the "false representation of ... the character, amount, or legal status of any debt." 756 F.3d at 246.

Id., 421-422 (emphasis added).  It is explicit from this quote that a pleading cannot survive the LSD standard without also satisfying the materiality requirement.  If Udren does not like or understand the term co-extensive, fine, lets focus on the "corollary" language explicitly adopted.  The Jensen Court explicitly holds that the "materiality requirement is a corollary of the least sophisticated debtor standard."  A Corollary, as defined by Oxford English Dictionary, is "A proposition that follows from (and is often appended to) one already proved."  Thus, once it has already been established that a pleading satisfies the LSD standard, it directly follows that the pleading also satisfies the materiality requirement.  Here, the Kaymark Court has already determined that Kaymark's pleading satisfies the LSD.  See Kaymark, supra; Jensen, supra.

> C. Udren Contorts and Misapplies the <u>Jensen</u> Standard for Materiality, Transmuting the "capable of influencing the decision of the LSD" to "actually did influence the decision of the LSD".  This is Not the Standard

The fact that the holdings in Kaymark viewed through the eyes of Jensen, respectfully, binds this Court to reject Udren's current motion, in that the Third Circuit held that Mr. Kaymark plead an FDCPA violation because he did not need to demonstrate that he was actually mislead or prejudiced by Udren's communication.  Again, the Jensen court discussing the LSD standard,

which implies materiality, recognizes: "The [LSD] standard is an objective one, meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." Jensen, 791 F.3d at 419 (emphasis added). Later, the Jensen court, discussing materiality, writes: "Because the materiality requirement is a corollary of the least sophisticated debtor standard, the relevant "decisionmaking body" here is the least sophisticated debtor. Thus, a statement in a communication is material **if it is capable of** influencing the decision of the least sophisticated debtor." Id., 421 (internal citations omitted) (emphasis added). Thus, the LSD standard, and the corollary materiality requirement, explicitly does not require a showing of actual confusion, only that a hypothetical LSD could be confused. Whether Mr. Kaymark was actually prejudiced is not relevant. The standard is 'capable of confusing' the LSD, not 'actually confusing' an individual plaintiff, who need not be unsophisticated. And, the Third Circuit has already held that Udren's communication could cause confusion for the LSD [see Kaymark, supra; Jensen, supra], and that satisfying the materiality requirement is a corollary of , that is, immediately follows from, the satisfaction of the LSD standard. Respectfully, this binds the court to reject Udren's motion.

> D. *The Third Circuit has Already Determined that Udren's Communication Satisfied the LSD Standard; That it was Capable of Influencing the Decision of the LSD, and Therefore Material Under Jensen. This is Sufficient to Establish Concreteness Under Spokeo*

Udren also argues that, under Spokeo, Mr. Kaymark lacks constitutional standing to bring the instant action because he has not stated a concrete injury. See Document 81, pp. 13-14. This is a misreading of Spokeo, which establishes that "intangible injuries can nevertheless be concrete" and clearly identifies "the risk of real harm" as sufficient to establish concreteness, particularly where congress has "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." Also see id., 1549 (emphasis added):

> "Concrete" is not, however, necessarily synonymous with "tangible."…
> In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles. … In addition, because Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important. Thus, we said in *Lujan* that Congress may "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." 504 U.S., at 578, 112 S.Ct. 2130. …
>
> \*\*\*
>
> **This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness.**

Here, Congress has determined that debtors have a right to accurate information on the amount and legal status of their debts.  See Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.  Udren has been alleged to have issued a communication that misstates the amount of the debt that is currently due and owing and legal status of the debt.  The Third Circuit has held that this communication could affect the decisions of an LCD [see Kaymark, supra; McLaughlin, supra], and the materiality requirement from Jensen confirms that this violation is material because it satisfies the LSD standard.  Congress has identified a harm and made it legally cognizable, and has determined that LSDs have the right to receive debt collection communications that would not be confusing to unsophisticated debtors.  Violation of this legal interest establishes a concrete injury.

### III. CONCLUSION

Wherefore, for the reasons stated above, and in Mr. Kaymark's Opposition to Udren's Renewed Motion to Dismiss, Udren's Renewed Motion to Dismiss (Documents 75-76) should be denied.

[SIGNATURE LINES ON NEXT PAGE]

Respectfully Submitted,
MICHAEL P. MALAKOFF, P.C.
*/s/Michael P. Malakoff*
Michael P. Malakoff, Esquire
Pennsylvania Attorney I.D. #11048
Suite 200, the Frick Building
Pittsburgh, PA 15219
Telephone: (412) 281-4217
Facsimile:  (412) 281-3262
malakoff@mpmalakoff.com
*Attorneys for Named Plaintiff Dale A. Kaymark, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania*

## CERTIFICATE OF SERVICE

I hereby certify that on the **16th** day of **June**, **2016**, a true and correct copy of the foregoing **Sur-Reply in Opposition of Udren's Renewed Motion to Dismiss** was served upon the following parties of interest via the Court's Electronic Filing System:

Jonathan J. Bart, Esquire
WILENTZ GOLDMAN & SPITZER, PA
Two Penn Center, Suite 910
Philadelphia, PA 19102

                                                      */s/Michael P. Malakoff*
                                                      Michael P. Malakoff, Esquire