IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE A. KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 13-419 |
| Plaintiffs, | | United States District Judge Cathy Bissoon |
| v. | | United States Magistrate Judge Cynthia Reed Eddy |
| UDREN LAW OFFICES, P.C., | | |
| Defendant. | | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's motion to strike a Rule 68 offer of judgment made by Defendant on February 17, 2017. (ECF Nos. 105, 106). The Rule 68 offer was made to both Plaintiff and the putative class. Plaintiff filed this motion fourteen days after the offer was made, which under Rule 68 is the final date that he could have accepted it. Fed.R.Civ.P. 68. Defendant filed a brief in opposition to the motion on March 9, 2017. (ECF No. 110). For the reasons that follow, Plaintiff's motion will be denied.

In his motion, Plaintiff complains that Defendant inappropriately made this offer before class certification, and that it is incompatible with Rule 23. The Court notes that these policy concerns are legitimate, as explained in Wright & Miller:

> There is much force to the contention that, as a matter of policy, the rule should not be employed in class actions. Class actions can only be settled with the approval of the court, and the judge is not required to acquiesce in the desire of the class representative that the case be settled. Thus, if Rule 68 is generally intended to galvanize plaintiffs to settle cases or face adverse consequences if they do not, it would not seem to work in class actions because

1

> plaintiffs do not have unfettered power to do so. In addition, the potential coercive impact of the rule on the class representative could create a conflict of interest for him or her since possible personal responsibility for defendant's costs for a full class action may be far out of proportion to the class representative's stake in a possible individual recovery. Even the court would then be hamstrung in proceeding by the need to consider the propriety of class treatment as well as the reasonableness of the settlement proposal. … Concerns of this character have prompted reformers to propose excluding class actions explicitly from the operation of Rule 68.

12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3001.1 (2d ed.) (footnotes omitted).

Nevertheless, it is beyond this Court's function to decide matters based solely on policy concerns, and Plaintiff has failed to establish that the Court can strike Defendant's Rule 68 offer of judgment:

> Despite these concerns, there is little authority for invalidating Rule 68 in class actions. Rule 68 is designed to insulate defendants willing to consent to judgment against incurring the costs of further litigation, and there appears no indication that protection should be denied defendants in class actions, much as Rule 68's provisions fit poorly in the class action context. Since the Supreme Court held Rule 68 inapplicable in cases in which the defendant prevails, the risk that defendants will make minimal offers in class actions in order to gain the advantages of Rule 68 does not exist, and the rule provides at least some incentive for defendants in those cases to make reasonable and substantial offers. Settlement is not generically undesirable in class actions, even though subject to court control, so Rule 68's inducement to defendants to make substantial offers should apply in such cases. There is even some indication that the Supreme Court would disapprove any effort to treat class actions differently for Rule 68 purposes. Accordingly, much as some policy issues might counsel creation of an exception to Rule 68 for class actions, the reality is that there presently is no such exception, and Rule 68 offers have been employed in class actions.

*Id* (footnotes omitted); *see also Weiss v. Regal Collections*, 385 F.3d 337, 444 n. 12 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016)

(noting that although courts "have wrestled with the application of Rule 68 in the class action context," there is "[n]o express statement limit[ing] the application of Fed.R.Civ.P. 68 in class actions," and that proposed amendments to make Rule 68 inapplicable to class actions have been rejected multiple times).

Given that this case is now limited to a single FDCPA claim against a single defendant, the maximum amount of damages available to the putative class is the lesser of $500,000 or 1% of Defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B). This is true whether the putative class consists of 100 class members or 100,000 class members. This was discussed extensively with the parties at the Case Management Conference, although the attorney who filed the pending motion did not attend said conference. In crafting the Case Management Order in this case, the Court took into account the parties' mutual desire to focus on the issue of Defendant's net worth in an attempt to resolve this case. *See* (ECF No. 101 at ¶ 3).

As such, the Court disagrees with Plaintiff that Defendant's offer "serves no valid purpose." "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Defendant is willing to settle this case for what it believes is the maximum amount that Plaintiff and the putative class could recover based on its calculation of its net worth, which, as discussed in the preceding paragraph, is not impacted by the potential size of the class. Thus, under the circumstances of this case, Plaintiff's concern that he has "no information about the class and has had no opportunity to develop those facts" is overstated. Further, based on the Court's discussions with the parties and in consideration of Defendant's response in opposition to the motion, the Court rejects Plaintiff's suggestion that Defendant's offer was frivolous. Defendant understandably does not want to continue incurring defense costs or be liable for a "runaway train" of the other side's attorney's fees in a case that it believes

should be settled without any further litigation for an amount that it believes is the maximum potential recovery. (ECF No. 110 at 3). As Defendant notes, Plaintiff is certainly free to reject this offer and pursue an alternative calculation of Defendant's net worth; but if Plaintiff chooses to go down this path, he cannot avoid the risk specifically envisioned by Rule 68.

Aside from the fact that Defendant did not file the Rule 68 offer of judgment on the docket and therefore there is nothing for the Court to strike, Plaintiff has provided no legal basis for this Court to grant his motion to strike. As a result, it is hereby **ORDERED** that Plaintiff's motion to strike Defendant's Rule 68 Offer of Judgment (ECF No. 105) is **DENIED**. Additionally, for the reasons stated in Defendant's brief in opposition, it is further **ORDERED** that the Clerk of Court remove Plaintiff's motion to strike, brief in support thereof, and the attached exhibit of Defendant's Rule 68 offer of judgment (ECF Nos. 105, 106, 106-1) from public view.

Moreover, although this is not technically a discovery dispute, the parties are hereby reminded of the Court's prior instructions that they must first meet and confer regarding any discovery disputes before involving the Court, and that if the issue remains after meeting and conferring, they must contact the law clerk to arrange a telephone conference with the Court before filing any discovery motions. (ECF No. 101 at ¶ 7).

**IT SO ORDERED**, this 10th day of March, 2017.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF