IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE A. KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania,<br><br>Plaintiffs,<br><br>v.<br><br>UDREN LAW OFFICES, P.C.,<br><br>Defendant. | Civil Action No. 13-419<br><br>United States District Judge<br>Cathy Bissoon<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's motion for reconsideration and brief in support thereof (ECF Nos. 112, 113) of this Court's Memorandum Order from March 10, 2017 (ECF No. 111), which denied Plaintiff's motion to strike a Rule 68 offer of judgment made by Defendant on February 7, 2017, (ECF Nos. 105, 106). Defendant responded in opposition to Plaintiff's motion on March 22, 2017. (ECF No. 115). For the reasons that follow, the motion for reconsideration will be denied.

The parties agree that motions for reconsideration are governed by the following standard: a court will not grant a motion for reconsideration unless there has been (1) an intervening change in controlling law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 167 F.3d 669, 677 (3d Cir. 1999). Plaintiff makes no arguments with respect to the first two scenarios, and instead focuses on the third scenario. In this regard, mere disagreement with the Court's prior ruling is an insufficient basis

1

to satisfy that there was a clear error of law or that the motion is necessary to prevent manifest injustice. *Forta Corp. v. Surface-Tech, LLC*, 2015 WL 12777653, *2 (W.D. Pa. 2015). Motions for reconsideration should only be granted "sparingly" and are to be "strictly reviewed" by district courts. *Velazquez v. UPMC Bedford Memorial Hosp.*, 338 F.Supp.2d 609, 611 (W.D. Pa. 2004).

In the Court's underlying Memorandum Order, the Court rejected Plaintiff's argument that the Rule 68 offer of judgment made before class certification was premature and incompatible with Rule 23. The Court noted that although there may be legitimate policy concerns that counsel against Rule 68's application in class actions, "the reality is that there presently is no such exception, and Rule 68 offers have been employed in class actions." (Memo. Order at 1-2, ECF No. 111) (quoting 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3001.1 (2d ed.)). In his motion for reconsideration, Plaintiff makes three arguments as to why his motion should be granted: (1) courts within this Circuit have entertained and granted motions to strike unfiled Rule 68 offers of judgment that interfered with Rule 23 safeguards; (2) this Court's order does not address the inability of the named Plaintiff to accept this Rule 68 offer of judgment on behalf of the putative class; and (3) there has been no discovery regarding the relevant issue of Defendant's net worth to allow Plaintiff to consider whether to accept the offer. These arguments will be addressed *seriatim*.

As to the first argument, Plaintiff cites several district court cases in which courts have stricken Rule 68 offers of judgment prior to class certification. However, the cases cited by Plaintiff involved situations in which the defendant was trying to "pick-off" the named plaintiff prior to class certification with "the purpose to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw," and "an attempt to inject a conflict

of interest between her and those she seeks to represent." *See Zeigenfuse v. Apex Asset Mgmt., LLC*, 239 F.R.D. 400, 403 (E.D. Pa. 2006); *Strausser v. ACB Receivables Mgmt, Inc.*, 2007 WL 512789 (E.D. Pa. 2007); *Smith v. NCO Fin. Sys.*, 257 F.R.D. 429, 433-34 (E.D. Pa. 2009); *Boles v. Moss Codilis, LLP*, 2011 WL 4345289 (W.D. Texas 2011). In contrast, the Rule 68 offer of judgment at issue in this case was not made with the purpose to pick-off Plaintiff as the named representative because the offer was made to both Plaintiff and the putative class. Plaintiff cites no cases in which a court struck a Rule 68 offer of judgment in this situation. Although Plaintiff may disagree with the Court's conclusion in declining to craft an exception to Rule 68 prior to class certification at this stage of the proceedings, he has failed to demonstrate that this was a clear error of law or that manifest injustice will occur as a result of this argument being rejected.

The Court also rejects Plaintiff's second argument – that the Court should grant his motion for reconsideration because the Court did not address Plaintiff's inability to accept the Rule 68 offer of judgment on behalf of a putative class. Quoting Wright & Miller, the prior Memorandum Order stated, "[s]ettlement is not generically undesirable in class actions, **even though subject to court control**, so Rule 68's inducement to defendants to make substantial offers should apply in such cases." (Memo. Order at 2) (quoting Fed. Prac. & Proc. Civ. § 3001.1) (emphasis added). Further, the Court noted that despite the policy concerns of approving settlement in the class action context under Rule 23, "the reality is that there presently is no such exception [to Rule 68 for class actions], and Rule 68 offers have been employed in class actions." *Id.* at 1-2. Although the Memorandum Order may not have directly addressed this argument regarding Plaintiff's ability to accept the Rule 68 offer of judgment, it implicitly rejected it. Like all other settlements reached between the parties in a putative class action prior to certification, an accepted Rule 68 offer of judgment would be provisional and subject to Rule

3

23's requirements.[1] Plaintiff has failed to demonstrate why the Court should strike the Rule 68 offer of judgment merely because he could not accept it outright and the acceptance would be subject to Rule 23 like all other class settlements prior to class certification. Plaintiff has failed to convince the Court in the pending motion that a clear error of law was made or that acceptance of this argument is necessary to prevent manifest injustice.

Finally, Plaintiff argues that we should strike the Rule 68 offer of judgment because he has not had the benefit of discovery regarding the issue of Defendant's net worth.[2] Plaintiff argues that because Defendant has not provided any evidence to verify its stated net worth, the Rule 68 offer of judgment should be stricken as premature. However, he cites no case law in support of his argument that a Rule 68 offer of judgment made in the beginning of the discovery period should be stricken as premature. As explained by the Supreme Court, the plain purpose of Rule 68 is to encourage settlement and avoid costly protracted litigation. *Marek v. Chesny*, 473 U.S. 1, 5 (1985); *Detla Air Lines, Inc. v. August*, 450 U.S. 346, 379 (1981). Thus, Rule 68 specifically encourages *early* settlements. *Staffend v. Lake Central Airlines, Inc.*, 47 F.R.D. 218, 219 (N.D. Ohio 1969). The Court is unaware of any rule providing that Rule 68 offers of judgment cannot be made in the beginning of the discovery period prior to the parties engaging

---

[1] Indeed, it is certainly not uncommon for the parties in a class action to reach settlement prior to class certification. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 777-78 (3d Cir. 1995) ("Usually, the request for a settlement class is presented to the court by both plaintiff(s) and defendant(s); having provisionally settled the case before seeking certification, the parties move for simultaneous class certification and settlement approval."). "The standard procedure in these instances is for courts to 1) provisionally certify the class, such that proper notifications can be disseminated to the class at large, and then 2) hold a final fairness hearing in order to issue a final class certification and approve the settlement." *In re: Amtrak Train Derailment in Phila., Pa.*, 2016 WL 1359725, *2 (E.D. Pa. 2016).

[2] As explained in the prior Memorandum Order, regardless of the putative class size, "the maximum amount of damages available to the putative class is the lesser of $500,000 or 1% of Defendant's net worth." (Memo. Order at 3) (citing 15 U.S.C. § 1692k(a)(2)(B)). Plaintiff acknowledges that the size of a potential settlement class is not a relevant issue to the Rule 68 offer of judgment in this case.

in all of the discovery that the plaintiff may wish to have for purposes of evaluating the offer. As the Court noted in the prior Memorandum Order, "Defendant understandably does not want to continue incurring defense costs or be liable for a 'runaway train' of the other side's attorney's fees in a case that it believes should be settled without any further litigation for an amount that it believes is the maximum potential recovery." (Memo Order at 3-4). Because this argument raised by Plaintiff is not supported by any legal argument, he has failed to establish that the Court committed a clear error of law or that the decision resulted in manifest injustice.

In accordance with the foregoing, Plaintiff's motion for reconsideration is **DENIED**. Under the circumstances, the Court notes that rather than filing motions for reconsideration to such nondispositive matters, the proper course is to file objections to the assigned District Judge. 28 U.S.C. § 636(b); Fed.R.Civ.P. 72(a). The deadline to file objections is 14 days from the date of the Order. *Id.* Thus, because the prior Memorandum Order was entered by the Court on March 10, 2017 (ECF No. 111), objections to the prior Memorandum Order are due by March 24, 2017, unless extended by the District Judge. The deadlines for filing objections to this Memorandum Order are due by April 5, 2017. Failure to file objections will waive the right to appeal.

**SO ORDERED**, this 22nd day of March, 2017.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF