IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KAYMARK, Individually and on behalf of other similarly situated current and former homeowners in Pennsylvania<br><br>Plaintiff,<br><br>v.<br><br>UDREN LAW OFFICES, P.C.,<br><br>Defendant. | Civil Action No. 13-419<br><br>Judge Cathy Bissoon |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On March 3, 2017, Plaintiff Dale Kaymark ("Plaintiff") filed a motion to strike a Rule 68 Offer of Judgment made by Defendant Udren Law Offices, P.C. ("Defendant"). (Doc. 105). On March 10, 2017, the Magistrate Judge issued a Memorandum Order denying Plaintiff's Motion. (Doc. 111). On March 17, 2017, Plaintiff filed a motion for reconsideration. (Doc. 112). On March 22, 2017, the Magistrate Judge denied Plaintiff's motion for reconsideration. (Doc. 116). On March 24, 2017, Defendant filed Objections to the Magistrate Judge's March 10, 2017 and March 22, 2017 Orders. (Docs. 117 and 118). Specifically, Plaintiff raises two objections to the Magistrate Judge's Orders, which this Court will address in seriatim.

1. **Objection No. 1**

First, Plaintiff objects that "the Magistrate Judge erred in declining to strike Udran's Pre-certification Offer of Judgment." (Doc. 118 at 2). Plaintiff argues that "there is no authority for accepting or authorizing a Rule 68 offer of judgment tendered to a putative class at the pre-

certification stage." (Doc. 118 at 1). Contrary to Plaintiff's argument, however, several courts, including courts within our Circuit, have stated that an offer of judgment tendered to the entire putative class, and not just to the individual named plaintiff, is enforceable and resolves any apparent conflict between Rule 23 and Rule 68. See Ackerman v. Am. Greetings Corp., No. CV 15-1656, 2015 WL 9581751, at *4 (D.N.J. Dec. 30, 2015) ("In the pre-certification stage, the Court must understand the proper offeree for the purpose of offers of judgment to be the putative class itself, not merely the named plaintiff."); McDowall v. Cogan, 216 F.R.D. 46, 51 (E.D.N.Y. 2003) ("[I]f a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone. . . . This resolution allows the court to avoid the potential friction between Rule 68 and Rule 23."); Jacobson v. Persolve, LLC, No. 14-CV-00735-LHK, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19, 2014) (noting that "a Rule 68 offer of judgment *made only to the class representative rather than the class as a whole* can pit the individual's self-interest in accepting the settlement against the interests of the putative class in obtaining relief) (emphasis added).

Plaintiff also contends that "the offer of judgment in this case contravenes Rule 23 and applicable case law," citing to cases that "illustrate the general principle that an offer of judgment can be stricken." (Doc. 118 at 1, 4) (citing Zeigenfuse v. Apex Asset Mgmt., L.L.C., 239 F.R.D. 400 (E.D. Pa. 2006), Smith v. NCO Fin. Sys., 257 F.R.D. 429 (E.D. Pa. 2009), Boles v. Moss Codilis, LLP, 2011 WL 4345289 ((W.D. Texas Sept. 15, 2011)). The Magistrate Judge correctly found, however, that these cases are distinguishable, as they involved Rule 68 Offers of Judgments made to "pick-off" the named plaintiff. Here, in contrast, Defendant's offer was made to the entire putative class and thus does not give rise to any conflict of interest between

the named plaintiff and the class as a whole. See McDowall, 216 F.R.D. at 51. Plaintiff also notes that, had he accepted the Offer of Judgment, the clerk of courts would have entered a judgment "without judicial oversight," in contravention of "Rule 23's mandates." (Doc. 118 at 11-12). However, the Magistrate Judge specifically addressed this concern, stating that "an accepted Rule 68 offer of judgment would be provisional and subject to Rule 23's requirements." (Doc. 116 at 3-4).

For these reasons, the Court finds that Magistrate Judge Eddy did not err in declining to strike Defendant's Offer of Judgment, and Plaintiff's first objection is overruled.

**2. Objection No. 2**

In the alternative, Plaintiff objects to Magistrate Judge Eddy's holding that Defendant's "offer of judgment served a legitimate purpose because it was based on [Defendant's] assessment of the value of the case." (Doc. 118 at 14). Plaintiff argues that "the determinative question in this objection is whether **Plaintiff** had sufficient information to accept [Defendant]'s offer." (Id.) (emphasis in original). Accordingly, Plaintiff argues that the Rule 68 Offer judgment should have been stricken because he has not had the benefit of discovery regarding Defendant's net worth, which is relevant to determining the value of the case. (Id. at 15). Notably, Plaintiff has cited no case law – and the Court is aware of none – that holds that Rule 68 offers of judgment cannot be made at the beginning of the discovery period. To the contrary, as the Magistrate Judge found, the plain purpose of Rule 68 is to encourage settlement and avoid costly protracted litigation. (Doc. 116 at 4); see Marek v. Chesny, 473 U.S. 1, 12–13 (1985) ("The purpose of Rule 68 is to 'facilitat[e] the *early resolution* of marginal suits in which the defendant perceives the claim to be without merit, and the plaintiff recognizes its speculative nature.") (emphasis added).

For the above reasons, the Court finds that Magistrate Judge Eddy's Orders denying Plaintiff's Motion to Strike the Rule 68 Offer of Judgment (Doc. 111) and denying Plaintiff's Motion for Reconsideration (Doc. 116) were neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a) (reciting standards of review governing magistrate judges' non-dispositive rulings). Accordingly, Plaintiff's Objections (Docs. 117 and 118) are OVERRULED, and Judge Eddy's ORDERS are AFFIRMED.

IT IS SO ORDERED.


March 27, 2017                                    s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All counsel of record