# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KAYMARK, *individually and on behalf of other similarly situated current and former homeowners in Pennsylvania*, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>URDEN LAW OFFICES, P.C., <br><br>　　　　Defendant. | Civil Action No. 13-419 <br><br> Judge Cathy Bissoon <br> Magistrate Judge Cynthia Reed Eddy |

## ORDER

Attorney Michael P. Malakoff ("Attorney Malakoff") filed a "First Motion to Disqualify This Honorable Court/Motion for Reconsideration" (hereinafter, "Motion for Reconsideration," Doc. 289). The Court will construe this filing as a Motion for Reconsideration of the Court's Memorandum Opinion and Order (hereinafter, "Memorandum Opinion," Doc. 286) finding Attorney Malakoff in contempt and rejecting his arguments regarding disqualification of the undersigned.

"A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). After careful review of the arguments raised in the Motion for Reconsideration, the Court finds that Attorney Malakoff has presented no valid grounds for reconsideration. Attorney Malakoff does not reference the standard for reconsideration, and he cites no new authority or facts in his Motion. Attorney Malakoff's Declaration regarding the Court's Memorandum Opinion (Doc. 290) does not aid his Motion for Reconsideration, as a declaration containing information that

1

could have been submitted previously is not "new" evidence. U.S. ex rel. Schumann v. Astrazeneca Pharmaceuticals, L.P., 769 F.3d 837, 848–49 (3d Cir. 2014) (finding no abuse of discretion in denying reconsideration motion supported only by supplemental declaration, finding it did not satisfy any of the three grounds).

In its Memorandum Opinion, the Court endeavored to make its reasoning as comprehensive and clear as possible, "for the benefit of Attorney Malakoff." (Memorandum Opinion at 1.) His Motion for Reconsideration does not meaningfully engage with that reasoning; rather, it reverts to old arguments this Court has *repeatedly* considered and rejected.

**Attorney Malakoff is reminded, one final time, that any failure to follow the Court's direction—that he shall not file any pleadings in this case at this juncture—will result in sanctions. These sanctions may be both monetary and non-monetary in nature.**[1]

Consistent with the foregoing, Attorney Malakoff's Motion for Reconsideration, (Doc. 289), is **DENIED**.

IT IS SO ORDERED.

March 11, 2019                                       s\Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

Michael P. Malakoff, Esq.
3214 Ladoga Street
Pittsburgh, PA 15204

---

[1] This is the undersigned's second warning to Attorney Malakoff of the types of sanctions the Court may impose for his filings in violation of the Court's commands. (See Memorandum Opinion at 38 (this Court's previous warning that Attorney Malakoff would be subject to monetary and non-monetary sanctions for continued unauthorized filings in this matter)).