IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE KAYMARK, *individually and on behalf of other similarly situated current and former homeowners in Pennsylvania*, )
)
)
)
Plaintiffs, )
)
v. )
)
URDEN LAW OFFICES, P.C., )
)
Defendant. )

Civil Action No. 13-419

Judge Cathy Bissoon
Magistrate Judge Cynthia Reed Eddy

## MEMORANDUM ORDER

Attorney Michael P. Malakoff ("Attorney Malakoff") filed a "Motion to Refer Udren and Its Counsel to the Disciplinary Board Under Rule 83.3" (hereinafter, "Motion for Refer," Doc. 291). For the reasons discussed below, Attorney Malakoff's Motion will be **DENIED**.

With regard to referrals for disciplinary proceedings, Local Rule 83.3.B.1. states, in relevant part:

> When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before this Court shall come to the attention of a District Judge or Magistrate Judge of this Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these rules, . . . the Chief Judge shall in his or her discretion and with prior agreement of the Disciplinary Board of the Supreme Court of Pennsylvania appoint as counsel attorneys serving in the Office of Disciplinary Counsel of the Disciplinary Board or one or more members of the bar of this Court to investigate allegations of misconduct or to prosecute disciplinary proceedings under these rules.

Under the Rule, the allegations of misconduct—if true—must warrant discipline in order for a disciplinary referral to be made.

Here, there is no question that Defendant's counsel, Jonathan Bart ("Attorney Bart") did what Attorney Malakoff is alleging—he filed communications between him and Attorney Malakoff on the public docket. (See Doc. 206, Ex. B.) Attorney Malakoff contends that this

1

constitutes misconduct because the communications were "confidential." (E.g., Motion to Refer at ¶ 3 ("Respectfully, Udren's defense counsel placing the Parties' private/confidential mediation exchanges into the public record is a direct violation of LCvR 83.3.").) The Court disagrees.

Attorney Malakoff's contention that the communications were confidential is rooted in the idea that the communications were made in a "confidential/mediation process." (E.g., Motion to Refer at ¶ 1.) At the time that the communications were sent, however, there was no mediation or settlement process taking place or pending in the case. In fact, the parties had executed a Settlement Agreement several months earlier, specifying that the class would be paid $60,000. (See Doc. 176-1 at ¶ 20.) Only the issue of attorneys' fees remained outstanding.

On October 23, 2019, the Magistrate Judge held a telephone conference to discuss whether the mediation scheduled October 29, 2018, on the issue of attorneys' fees would take place. (Doc. 187.) The minute entry from this conference clearly states that, first, the mediation "is cancelled and no further conferences are scheduled before this Court" and, second, that a briefing schedule would be issued regarding attorneys' fees. (Id.) Attorney Malakoff attended this conference. (Id.) Attorney Malakoff was aware that no further mediation would be taking place regarding attorneys' fees or any other aspect of settlement, as the Magistrate Judge explained that the mediation was cancelled because Attorney Malakoff refused to mediate. (Docket Text at Doc. 187.)

The first e-mail Attorney Bart placed in the record is dated October 24, 2018—the day after mediation efforts in this case terminated. (Doc. 206, Ex. B at 2.) And more to the point, the content of Attorney Malakoff's e-mail is wholly inconsistent with a claim that it was made in connection with mediation of attorneys' fees or settlement of this case. (Id.) Rather, Attorney Malakoff states Defendant, along with Attorney Bart and his firm, committed "deception and

fraud" at the time that the case was settled and that such conduct, when brought to light in other litigation, has resulted in disbarment. (Id.) Presumably in exchange for not pursuing the alleged deception and fraud, Attorney Malakoff offered the following:

> If you are interested in resolving this matter please confirm that within the next 10 days between Udren, and/or Udren partners and/or your law firm has caused $60,000 to have been placed into an escrow account with the claims administrator. The source of those funds is of no relevance to the class. I cannot stress enough how important it is for all of us that the $60,000 to be paid from whatever the source.

(Id. (all errors in original).)

Attorney Bart responded by denying the allegations and advising Attorney Malakoff that he believed Attorney Malakoff's conduct was unethical. (Id. at 4–5.) In response, Attorney Malakoff renewed his demand that the $60,000 payment be made to "fund the class" or "separate litigation in state court against your law firm and you" would be pursued, along with disbarment proceedings. (Id. at 6.) Additionally, Attorney Malakoff included a fee schedule indicating that with each successive Monday that passed, $5,000 more would be added to the amount required to halt the litigation and disbarment proceedings. (Id.)

The Court does not make any findings as to whether the conduct contained in these email exchanges is unethical.[1] However, the Court does find that substance of these communications demonstrates that they in no way relate to the settlement of attorneys' fees in this case. The payment demand is not consistent with the process outlined with the parties' Settlement Agreement—which has not been approved by the Court—or with Rule 23. (See generally Doc.

---

[1] Factual findings on these issues are to be made by the Court's Disciplinary Committee pursuant to the Local Rules. After hearing from the parties at a status conference, on December 14, 2018, the undersigned did make a disciplinary referral under Local Rule 83.3 based on Defendant's allegations of misconduct in Doc. 206. (See Doc 230.)

176-1.) Rather, Attorney Malakoff appears to be offering not to initiate disciplinary or civil proceedings against Attorney Bart and his firm in exchange for a payment.

However, even if the Court determined that these communications were made in connection with mediation or otherwise protected by confidentiality, Attorney Malakoff waived this alleged protection. In his response on November 7th to Attorney Malakoff's updated payment terms, Attorney Bart again advised that there was no factual basis for Attorney Malakoff's allegations and that he perceived Attorney Malakoff's latest correspondence as an effort to "double down" on his prior extortionist threats. (Id. at 7.) Attorney Bart also stated as follows:

> Since we have witnessed similar behavior before wherein you falsely accused another firm of criminal behavior and then backed down when confronted by a Federal Judge, we will give you that opportunity again or will be compelled to report your behavior.

(Id.) That is, Attorney Bart advised Attorney Malakoff that he would be reporting his conduct if he persisted.

Attorney Malakoff did not cease his demands, instead referring Attorney Bart to his "earlier email wherein we replied to the matters herein raised." (Id. at 8.) In correspondence later in that day, November 7th, Attorney Malakoff stated "Again, if you think I am acting inappropriately, please undertake whatever actions you believe are warranted." (Id. at 10.) In his closing, Attorney Malakoff elaborated further:

> Also please feel free (as I know you would do anyway) to use this email as 'Exhibit A' in any future filings. I simply request that the entire email not 'snippets' be produced along with your email (s) [sic] to which this this reply is applicable.

(Id. at 11.) In his response, Attorney Bart stated "[D]o what you think necessary outside of blackmail and extortion, which we will indeed bring to the attention of the court." (Id. at 13.)

4

Attorney Malakoff did not object to this statement, and, on November 16th, Attorney Bart attached the referenced correspondence as an exhibit to Doc. 206.

The Court finds based on these exchanges that Attorney Bart advised Attorney Malakoff that if he persisted in his course of conduct, Attorney Bart would bring Attorney Malakoff's behavior to the attention of the Court. In response, Attorney Malakoff told Attorney Bart to "undertake whatever actions you believe are warranted" and that Attorney Bart should "please feel free . . . to use this email as "Exhibit A' in any future filings." Attorney Malakoff asked that the reproduction of the e-mails, when filed with the Court, be produced in their entirety.

Attorney Bart did exactly as he advised Attorney Malakoff he would, and he complied with Attorney Malakoff's request to include the communications in their entirety so that the Court could evaluate them in a holistic manner. Attorney Malakoff has no grounds to object to a disclosure that he authorized. As such, there is no basis to find that Attorney Bart's filings would warrant discipline, and therefore, a disciplinary referral under Local Rule 83.3 is not appropriate.

Consistent with the foregoing, Attorney Malakoff's Motion to Refer (Doc. 291) is **DENIED**.

IT IS SO ORDERED.

March 13, 2019　　　　　　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

Michael P. Malakoff, Esq.
3214 Ladoga Street
Pittsburgh, PA 15204