# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK J. HILL, *individually and on behalf of other similarly situated current and former homeowners in Pennsylvania*, | Civil Action No. 13-419 |
| Plaintiffs, | |
| v. | Judge Cathy Bissoon<br>Chief Magistrate Judge Cynthia Reed Eddy |
| UDREN LAW OFFICES, P.C., | |
| Defendant. | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion Renewed Motion for Default Judgment and Preliminary Approval of the Settlement Agreement, ("Motion for Default and Approval," Doc. 333). Given the complicated posture of this case, additional briefing from Plaintiffs is required before the Court can decide whether to preliminarily approve the class settlement. Thus, the Motion for Default and Approval will be denied without prejudice to refiling.

The parties in this case originally moved for preliminary approval in August of 2018. (Doc. 176.) The Court, desiring to evaluate the proposed settlement agreement and the issue of attorneys' fees concurrently, asked Magistrate Judge Eddy to mediate the issue of fees. (See Doc. 209 at 5.) Plaintiffs' prior counsel made this impossible, (Doc. 187), and the Magistrate Judge ordered briefing on the issue. In connection with the fees issue, Defendant's counsel brought to the Court's attention troubling conduct by Plaintiffs' counsel (Docs. 206, 207). Ultimately, Plaintiffs' counsel consented to being removed as class counsel.[1] (Doc. 228.)

---

[1] Attorney Malakoff's conduct following his consent to being removed as class counsel, which hijacked the docket in this case for several months, has already been well-documented by the Court and will not be elaborated on further here. (See Doc. 286).

1

Unfortunately, notwithstanding Plaintiffs' counsel's consent to being removed as class counsel, the transition to new class counsel was not smooth as it also necessitated a change in the representative Plaintiff. (Doc. 307.) By the time this had occurred, appeals by former class counsel prevented the Court from taking any action with respect to approval of the proposed settlement. The Court of Appeals for the Third Circuit only recently dismissed each of former counsel's appeals. (Docs. 336, 337, 338.)

While those appeals were pending, and shortly after the parties first moved for preliminary approval, Defendant alleged insolvency, and their counsel withdrew from representation in April of 2019. (Docs. 320, 323, 325.) Thus, when Plaintiffs filed a Second Amended Complaint on April 12, 2019, to address the change in representative Plaintiff, (Doc. 324), Defendant did not answer or otherwise plead.

Against this background, the Court sees two outstanding issues with respect to the Motion for Default and Approval. First, while the Court has asked Plaintiffs to provide authority for granting a motion for default judgment in the context of a class action lawsuit (and preferably an FDCPA lawsuit), they have not. (Doc. 332.) The Motion contains authority regarding the undersigned's ability to grant a default judgment more generally—something not in dispute. The Motion does not, however, speak to the more complicated posture of the case here.

Second, and relatedly, the Class Action Fairness Act ("CAFA" or the "Act") requires notice under the Act be given by **each Defendant** participating in the proposed settlement. 28 U.S.C. § 1715(b) ("Not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official . . . a notice of the proposed settlement . . ."). In this case, where Defendant has acknowledged that it would not participate in this case, it is clear that Defendant

will not be issuing such a notice. (Doc. 323-1.) Plaintiffs' Motion for Default and Approval does not address this issue, and without authority indicating Plaintiffs may issue the required CAFA notice, the Court cannot grant Plaintiffs' Motion.

In light of the above, the parties' Joint Motion for Preliminary Approval of the Settlement, (Doc. 176), is **DENIED AS MOOT**, and Plaintiffs' Renewed Motion for Default Judgment and Preliminary Approval of the Settlement Agreement, (Doc. 333), is **DENIED WITHOUT PREJUDICE TO REFILING**. On or before April 15, 2020, Plaintiffs shall file an Amended Motion, with accompanying brief, providing supplemental authority on the two issues identified by the Court. All Exhibits to Plaintiffs' Amended Motion also shall be updated.

IT IS SO ORDERED.


March 31, 2020                                     s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record